```
                              FILED
                      CLERK, U.S. DISTRICT COURT

                           11/1/2023

                      CENTRAL DISTRICT OF CALIFORNIA
                      BY: _____jb_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>RYAN SCOTT BRADFORD,<br>  aka "Peck.erwood88,"<br>  aka "Peck Erwood,"<br>  aka "@Peck erwood818,"<br><br>       Defendant. | CR No. 23-00397(A)-JLS<br><br>**F I R S T**<br>**S U P E R S E D I N G**<br>**I N D I C T M E N T**<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 18 U.S.C. § 922(o)(1): Possession of Machineguns; 18 U.S.C. § 924, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.  OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing through on or about November 13, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant RYAN

SCOTT BRADFORD, also known as ("aka") "Peck.erwood88," aka "Peck Erwood," aka "@Peck erwood818" ("BRADFORD"), conspired with others known and unknown to the Grand Jury, including unindicted co-conspirator #1, to knowingly and intentionally distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

B.   MANNER AND MEANS OF THE CONSPIRACY

   1.   Defendant BRADFORD would identify individuals who were able to supply methamphetamine to unindicted co-conspirator #1.

   2.   Unindicted co-conspirator #1 would obtain methamphetamine and other drugs from sources of supply.

   3.   Defendant BRADFORD would identify customers who would purchase drugs from unindicted co-conspirator #1.

   4.   Unindicted co-conspirator #1 would sell methamphetamine and other drugs to customers in Los Angeles County.

   5.   Defendant BRADFORD would store and package methamphetamine for unindicted co-conspirator #1.

   6.   Unindicted co-conspirator #1 would supply defendant BRADFORD with methamphetamine to use as payment.

   7.   Unindicted co-conspirator #1 would arm himself with firearms in connection with his drug distribution activities.

C.   OVERT ACTS

   In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendant BRADFORD and others known and unknown to the Grand Jury, including unindicted co-conspirator #1, committed various overt acts in Los Angeles County, within the

Central District of California, and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1</u>:  On June 1, 2022, unindicted co-conspirator #1 possessed loaded firearms, methamphetamine, heroin, a scale, materials to package drugs, and $5,556 in cash.

<u>Overt Act No. 2</u>:  On July 23, 2022, defendant BRADFORD identified a drug customer who wanted to purchase drugs from unindicted co-conspirator #1.

<u>Overt Act No. 3</u>:  On July 23, 2022, defendant BRADFORD instructed a drug customer to travel to a location in Reseda, California to obtain drugs from unindicted co-conspirator #1.

<u>Overt Act No. 4</u>:  On July 31, 2022, defendant BRADFORD provided unindicted co-conspirator #1 with the name and telephone number of a drug customer.

<u>Overt Act No. 5</u>:  On August 9, 2022, defendant BRADFORD offered to assist unindicted co-conspirator #1 distribute drugs to customers via the "dark web."

<u>Overt Act No. 6</u>:  On September 28, 2022, unindicted co-conspirator #1 offered to supply defendant BRADFORD with methamphetamine for defendant BRADFORD to use.

<u>Overt Act No. 7</u>:  On November 12, 2022, defendant BRADFORD identified a methamphetamine source of supply for unindicted co-conspirator #1.

<u>Overt Act No. 8</u>:  On November 13, 2022, defendant BRADFORD stored methamphetamine at his residence in Reseda, California for unindicted co-conspirator #1.

<u>Overt Act No. 9</u>:  On November 13, 2022, defendant BRADFORD packaged the methamphetamine that he was storing for unindicted co-

conspirator #1 and made arrangements to deliver it to unindicted co-conspirator #1.

<u>Overt Act No. 10:</u>   On November 13, 2022, unindicted co-conspirator #1 supplied defendant BRADFORD with methamphetamine for defendant BRADFORD to use.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about November 13, 2022, in Los Angeles County, within the Central District of California, defendant RYAN SCOTT BRADFORD, also known as ("aka") "Peck.erwood88," aka "Peck Erwood," aka "@Peck erwood818," knowingly and intentionally possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about July 27, 2023, in Los Angeles County, within the Central District of California, defendant RYAN SCOTT BRADFORD, also known as ("aka") "Peck.erwood88," aka "Peck Erwood," aka "@Peck erwood818" ("BRADFORD"), knowingly possessed ammunition, namely:

1. 76 rounds of 9mm caliber ammunition with headstamp "WIN";
2. 21 rounds of 5.56 caliber ammunition with headstamp "LC 15";
3. 9 rounds of 5.56 caliber ammunition with headstamp "LC 15" and a NATO cross;
4. 3 rounds of 5.56 caliber ammunition with headstamp "LC 16" and a NATO cross; and
5. 7 rounds of 7.62x39 caliber ammunition

in and affecting interstate and foreign commerce.

Defendant BRADFORD possessed such ammunition knowing that he had previously been convicted of the following felony crime, punishable by a term of imprisonment exceeding one year: Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LASPA07300001, on or about October 30, 2012.

COUNT FOUR

[18 U.S.C. § 922(o)(1)]

On or about July 27, 2023, in Los Angeles County, within the Central District of California, defendant RYAN SCOTT BRADFORD, also known as ("aka") "Peck.erwood88," aka "Peck Erwood," aka "@Peck erwood818," ("BRADFORD") knowingly possessed eight machineguns, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), each of which defendant BRADFORD knew to be a machinegun, namely:

1. 2 machinegun conversion devices for a semiautomatic AR15-type firearm;

2. 4 "chip" style machinegun conversion devices for a Glock-type firearm; and

3. 2 "switch" style machinegun conversion devices for a Glock-type firearm.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One or Two of this First Superseding Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located

8

upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Three or Four of this First Superseding Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

              A TRUE BILL

                /s/
              Foreperson

E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

DAVID T. RYAN
Assistant United States Attorney
Chief, Terrorism and Export
Crimes Section

MELANIE SARTORIS
Assistant United States Attorney
Deputy Chief, Terrorism and
Export Crimes Section

REEMA M. EL-AMAMY
Assistant United States Attorney
Terrorism and Export Crimes
Section